IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHERYL FREEMAN STEWARD,

    Petitioner,

v.                                                              No. 1:16-cv-01072-JDB-jay
                                                                Re No. 1:10-cr-10029-JDB-2

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is the May 9, 2016, pro se motion of Petitioner, Cheryl Freeman Steward, to vacate, set aside, or correct her sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 5.) For the following reasons, the Petition is DENIED.

BACKGROUND

In 2010, Steward was charged in a superseding indictment with offenses arising out of the attempted robbery of a convenience store and the murder, by her husband, of one of the police officers who responded to the 911 call. *Steward v. United States*, No. 13-1325, 2016 WL 3676818, at *1 (W.D. Tenn. July 6, 2016). In September 2012, she pleaded guilty, pursuant to an agreement with the United States, to attempted robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"); the use, carrying, brandishing, and discharging of a firearm in connection with the attempted robbery in violation of 18 U.S.C. § 924(c)(1); and "falsely representing to the weapons dealer from which she purchased the firearm that it was for herself rather than a convicted felon, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2)." *Id.* She also waived her right to collaterally

attack her sentence under some circumstances. *Id.* at *2. In exchange for her plea, the Government dismissed Counts 3 and 4 of the superseding indictment, and agreed to a 240-month sentence of incarceration. *Id.* at *1. Petitioner was sentenced on November 30, 2012, to a total of 240 months' incarceration, and judgment was entered on December 3, 2012. *Id.* She did not appeal. *Id.*

In 2013, the inmate filed her first § 2255 motion, in which she challenged her attorney's effectiveness and the manner in which her sentence was determined. *Id.* at *1-2; *see also Steward v. United States*, No. 1:13-cv-01325-JDB-egb (No. 1:13-cv-01325-JDB-egb, D.E. 1.) In July 2016, this Court held that "Steward's § 2255 motion was timely[,] . . . that the collateral-challenge waiver [contained in her plea agreement] barred any claims challenging her conviction and sentence or the manner in which the sentence was determined," and that the ineffective-assistance-of-counsel "claims lacked merit." (No. 1:13-cv-01325-JDB-egb, D.E. 21 at PageID 91.) In March 2017, the Sixth Circuit denied a certificate of appealability ("COA"). (*Id.*, D.E. 21 at PageID 93.)

While her § 2255 motion was pending before this Court in Case No. 1:13-cv-01325-JDB-egb, the movant filed the instant Petition, entitled "Seeking a Sentence Reduction Based on Johnson v. United States and Pursuant to 28 U.S.C. § 2255." (D.E. 5.) She asserted a sole claim that *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered her § 924(c) conviction unconstitutional. Although through no fault of her own the Petition was docketed as the case-initiating pleading in the present case, it should have been docketed as a supplement or amendment to, or motion to amend, the then-pending § 2255 motion in Case No. 1:13-cv-01325-JDB-egb. Because the Petition was filed prior to this Court's disposition of the first § 2255 motion, it is not a second or successive petition under 28 U.S.C. § 2244(b). *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—*i.e.*, before the petitioner

has lost on the merits and exhausted her appellate remedies," citing *Ching v. United States*, 298 F.3d 174, 177-78 (2d Cir. 2002) and *Johnson v United States*, 196 F.3d 802, 805 (7th Cir. 1999)).

DISCUSSION

A prisoner seeking to vacate her sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). A petitioner has the burden of proving by a preponderance of the evidence that she is entitled to relief. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner argues that her conviction under § 924(c) should be set aside based on the ruling in *Johnson* that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2557. The claim must be denied for two reasons. First, as the Court found in Case No. 1:13-cv-01325-JDB-egb, Steward waived her right to collaterally object to her convictions and sentences and the manner in which the sentences were determined. *See Steward*, 2016 WL 3676818, at *2. Accordingly, the *Johnson* claim, which challenges the § 924(c) conviction, has been waived. *See Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) ("[T]his Court has consistently held § 2255 . . . waivers with plain language that precludes *Johnson*-[]based claims are enforceable even if those waivers were entered into years before *Johnson* . . . [was] decided," citing *United States v. Morrison*, 852 F.3d 488 (6th Cir. 2017) and *In re Garner*, 664 F. App'x. 441, 443-44 (6th Cir. 2016)), *cert. denied*, 138 S. Ct. 1282 (2018).

Second, even if not waived, the claim fails on the merits. The firearm statute provides in pertinent part that,

[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person who, during and in relation to any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—*

> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

Section 924(c)(3) sets forth a "two-part definition" of a crime of violence, "only one part of which need apply." *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017). "First, a crime of violence is a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). This is known as the "use-of-force clause." *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018), *cert. denied,* 139 S. Ct. 845 (2019). "Second, a crime of violence is a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Robinson*, 708 F. App'x at 273 (quoting 18 U.S.C. § 924(c)(3)(B)). This language is referred to as the statute's "residual clause." *Camp*, 903 F.3d at 597 n.2.

Even if *Johnson* rendered § 924(c)(3)'s residual clause unconstitutionally vague,[1] Petitioner is not entitled to relief because aiding and abetting an attempted Hobbs Act robbery

---

[1]In *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016), *cert. denied,* 138 S. Ct. 1975 (2018), *reh'g denied,* 138 S. Ct. 2646 (2018), the Sixth Circuit held that § 924(c)'s residual clause is not void for vagueness. The Sixth Circuit has recently acknowledged that *Taylor* "stands

4

qualifies as a crime of violence under the statute's use-of-force clause. In 2017, the Sixth Circuit held that the principal offense of Hobbs Act robbery is a crime of violence under that clause. *See United States v. Gooch*, 850 F.3d 285, 292 (6th Cir.), *cert. denied,* 137 S. Ct. 2230 (2017). In 2018, it extended *Gooch* to aiding and abetting Hobbs Act robbery. *See United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018) (declining to address the constitutionality of § 924(c)(3)'s residual clause, and holding that the defendant's conviction for aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)), *cert. granted & judgment vacated on other grounds*, No. 18-7036, 2019 WL 2493913, at *1 (U.S. June 17, 2019) (vacating judgment and "remand[ing case] to the United States Court of Appeals for the Sixth Circuit for the court to consider the First Step Act of 2018, Pub. L. No. 115-391 (2018).").[2] And although it does not appear the Sixth Circuit has addressed whether aiding and abetting an *attempted* Hobbs Act robbery is a crime of violence, "[§] 924(c)(3)(A) clearly states that offenses that require either the 'attempted use of force' or the 'use of force' constitute crimes of violence pursuant to that clause." *Savage v. United States*, Civil No. 2:18-CV-1204, 2019 WL 1573344, at *4 (S.D. Ohio Apr. 11, 2019) (report & recommendation) ("attempted robbery of United States property rather than a completed robbery" is a crime of violence for purposes of § 924(c)); *see also Charlton v. United*

---

on uncertain ground" after the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *United States v. Richardson*, 906 F.3d 417, 425-26 (6th Cir. 2018), *cert. granted & judgment vacated on other grounds*, No. 18-7036, 2019 WL 2493913 (U.S. June 17, 2019).

[2]The United States Supreme Court's decision in *Richardson* does not affect the Sixth Circuit's holding in that case that aiding and abetting Hobbs Act robbery is a crime of violence. During the pendency of Richardson's petition for writ of certiorari, Congress passed the First Step Act, Pub. L. No. 115-391, which provides for a sentence reduction in certain cases where a defendant has been convicted of more than one § 924(c) offense. *See* Pub. L. No. 115-391, § 403.

*States*, 725 F. App'x 881, 890-91 (11th Cir. 2018) (per curiam) ("aiding and abetting attempted Hobbs Act robbery qualifies as a 'crime of violence' under § 924(c)'s use-of-force clause").

Accordingly, because Petitioner waived her right to bring the *Johnson* claim, and because the claim is otherwise without merit, the Petition is DENIED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would

not be taken in good faith, the prisoner must file her motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[3]

IT IS SO ORDERED this 20th day of June 2019.

                                                      s/ J. DANIEL BREEN
                                                    UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, she must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.